2026 IL App (1st) 250555-U

No. 1-25-0555

Order filed July 31, 2026

Sixth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| JELANI MANZILI, Independent Administrator of the Estate of GRACE ANN BROWN, Deceased, | ) ) ) ) ) Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) ) No. 23 L 7421 |
| v. | ) ) |
| PALOS HILLS HEALTHCARE, LLC, d/b/a BRIA OF PALOS HILLS and PM NURSING and REHABILITATION, LLC, | ) ) ) The Honorable ) Kathy M. Flanagan, ) Judge, presiding. |
| Defendants-Appellees. | ) ) |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1      *Held*: Affirming trial court order granting motion to enforce settlement agreement.

¶ 2      Jelani Manzili, acting as administrator of the estate of his mother, Grace Ann Brown, sued the defendants, operators of the nursing home where she resided, alleging they provided negligent care before her death. After mediation, defendants agreed to pay Manzili $300,000.

When Manzili refused to sign the settlement agreement and release, defendants moved to enforce the settlement. The trial court granted the motion. Representing himself, Manzili appeals. The trial court stayed its order pending the appeal.

¶ 3     Manzili contends he withdrew his attorney's authority to settle during mediation and asks us to reverse and remand for trial. Manzili relies on text exchange with his attorney, stating he was rejecting the defendants' settlement offer and wanted to go to trial. Although the supplemental record on appeal contains the document, it was never presented to the trial court, so we cannot consider it. Absent evidence that the parties did not have a meeting of the minds, we affirm the order enforcing the settlement agreement.

¶ 4                                             Background

¶ 5     Manzili sued Palos Hills Healthcare LCC d/b/a Bria of Palos Hills and PM Nursing and Rehabilitation LLC (collectively Bria), alleging they provided negligent care to his mother. The parties agreed to mediation, and when they did not settle, the mediator said she would continue working with them to reach an agreement.

¶ 6     On February 12, 2025, Bria emailed Manzili's attorney offering $243,927.20, the remainder of their insurance policy limits. The attorney rejected the offer, stating he only had authority to accept $300,000. After further negotiations, Bria agreed to pay $300,000 and informed the mediator of their settlement. An email from the mediator to the attorneys confirmed the settlement.

¶ 7     After Manzili refused to sign the settlement agreement and release, Bria filed a motion to enforce. Manzili did not respond. After a hearing at which Manzili's attorney appeared, the trial court entered an order granting the motion. The court found that Manzili authorized his attorney to settle for $300,000, never revoked that authority, and that the parties agreed to settle

for $300,000, which the mediator confirmed. The trial court ordered Manzili to sign the settlement agreement and the release within seven days or the court would sign them on his behalf. Manzili appealed, and the trial court stayed its order pending the appeal.

¶ 8                                                    Analysis

¶ 9        Settlement agreements are governed by contract law. *K4 Enterprises, Inc. v. Grater*, *Inc.*, 394 Ill. App. 3d 307, 313 (2009). "Oral agreements are binding so long as there is an offer, an acceptance, and a meeting of the minds as to the terms of the agreement." *Id*. Where, as here, the trial court's decision to enforce a settlement agreement is made on the motion, pleadings, and attachments, without an evidentiary hearing, our review is *de novo*. *City of Chicago v. Ramirez*, 366 Ill. App. 3d 935, 946 (2006).

¶ 10       As a preliminary matter, Bria moved to strike Manzili's reply brief for failing to comply with Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), by failing to include citations to legal authority or the record and with Supreme Court Rule 341(j), which requires a reply brief to be confined strictly to arguments presented in the appellees' brief.

¶ 11       Compliance with Rule 341 is mandatory for all litigants, including self-represented litigants. *Matlock v. Illinois Department of Employment Security*, 2019 IL App (1st) 180645, ¶ 14. Manzili's initial and reply briefs fail to comply with Rule 341(h). We may strike a brief and dismiss an appeal for failing to comply with the rules. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. But because we have the benefit of Bria's cogent brief, we deny the motion to strike and elect to address the appeal's merits. *Burrell v. The Village of Sauk Village*, 2017 IL App (1st) 163392, ¶ 14 (striking brief "harsh sanction and is appropriate only when the violations hinder our review.").

¶ 12  Turning to the merits, Manzili's sole contention is that the trial court erred because Manzili withdrew his attorney's authority to settle. Specifically, he alleges that during the original mediation, his attorney texted him that Bria had increased its offer to $200,000, that he had until 5:00 p.m. to accept it, and that "if you change your mind, let me know." Manzili responded that he and his sister were rejecting the offer and wanted to take the case to trial. The initial record on appeal did not include a copy of this text exchange, but the trial court granted Manzili's motion to supplement the record on appeal.

¶ 13  Bria contends the trial court should not have allowed Manzili to supplement the record and asks us to strike the email document or Manzili's argument that relies on it.

¶ 14  Illinois Supreme Court Rule 329 allows a party to supplement a record on appeal to supply omissions, to correct errors, and to settle controversies about whether the record accurately reflects what occurred in the trial court. Ill. S. Ct. R. 329 (eff. Jan. 1, 2024). Under the rule, the record may only be supplemented with documents that were before the trial court. *Kuykendall v. Schneidewind*, 2017 IL App (5th) 160013, ¶ 29 (citing *Deason v. Gutzler*, 251 Ill.App.3d 630, 631 (1993).

¶ 15  Manzili has not shown the text exchange was before the trial court. The copy in the supplemental record does not bear a stamp showing he filed it in the trial court. Further, the trial court order granting Bria's motion to enforce the judgment does not mention the text exchange and Manzili did not file a report of proceedings from the hearing on the motion that would indicate he raised the text. Thus, nothing in the record indicates that the trial judge was aware of the text exchange during the hearing nor may be assume or speculate that it was. Accordingly, the law requires that we not consider it. See *People v. Brown*, 249 Ill. App. 3d

986, 994 (1993) ("It is an elementary principle that an appellate court cannot consider matters outside the record.")

¶ 16    As noted, settlement agreements are governed by contract law. *K4 Enterprises, Inc.* 394 Ill. App. 3d at 313. "A meeting of the minds exists whenever the parties' conduct objectively indicates an agreement to the terms of the settlement, even if one or more parties did not subjectively intend to be bound." *County Line Nurseries & Landscaping, Inc., ex rel. Bankruptcy Trustee v. Glencoe Park District*, 2015 IL App (1st) 143776, ¶ 33.

¶ 17    Manzili does not refute that he authorized his attorney to accept a $300,000 settlement offer. Indeed, the record includes an email from Manzili's attorney to Bria's attorney stating he had authority to settle for $300,000. Because the record contains no evidence that Manzili withheld or revoked his attorney's authority to settle, the parties had a meeting of the minds, and the trial court did not err in approving the settlement agreement.

¶ 18    Affirmed.